UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| ANDRE S. PENDERMON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5: 19-196-JMH |
| | ) | |
| V. | ) | |
| | ) | |
| BRITTANY MOORE, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Andre S. Pendermon is an inmate currently confined at the Montgomery County Regional Jail in Mount Sterling, Kentucky. Proceeding without an attorney, Pendermon has filed a civil rights action against prison officials pursuant to 42 U.S.C. § 1983. [R. 1] By separate order, the Court has granted Pendermon's motion to proceed without prepayment of the filing fee. [R. 9] Thus, the Court must conduct a preliminary review of Pendermon's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997), abrogated on other grounds, *Jones v. Bock*, 549 U.S. 199 (2007).

The Court evaluates Pendermon's complaint under a more lenient standard because he is not represented by an attorney.

1

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). However, the principles requiring generous construction of *pro se* pleadings are not without limits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Wilson v. Lexington Fayette Urban County Government*, No. 07-cv-95-KSF, 2007 WL 1136743 (E.D. Ky. April 16, 2007). Although the Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, that obligation does not extend so far as to require or permit it to create arguments or claims that the plaintiff has not made. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."). Thus, vague allegations that one or more of the defendants acted wrongfully or violated the plaintiff's constitutional rights are not sufficient. *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008).

In his complaint, Pendermon alleges that Defendant Brittany Moore, a Nurse employed by Southern Health Partners to provide medical services to inmates at the Montgomery County Regional Jail, has refused to obtain Pendermon's medical record from Pendermon's

previous place of incarceration, the Madison County Detention Center. Pendermon claims that, at medical intake, he let the nurse know that he had stomach ulcers and could not eat spicy foods. However, he claims that, due to the nurse not putting that he is not to eat spicy food in the system, he has had to eat spicy food, causing severe stomach pains. He does not identify any constitutional rights that he claims have been violated. He seeks $200,000.00 in damages for "pain and suffering" against Defendants Moore, Officer Power (a Deputy at the Montgomery County Regional Jail), and the Montgomery County Regional Jail.

The Court has thoroughly reviewed the complaint and concludes that it must be dismissed for failure to state a claim. A complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). *See also* Fed. R. Civ. P. 8. In addition, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555.

Pendermon seeks to bring his claims in this action pursuant to 42 U.S.C. § 1983. To establish a § 1983 claim, a plaintiff

must show that he was deprived of a constitutional right **and** that the deprivation occurred at the hands of defendant who was a "state actor," or acted under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). However, Pendermon fails to identify *any* constitutional right that he claims has been violated by any defendant. The Court is not required to create a claim for the plaintiff, nor to "conjure up unpled allegations." *Moorman v. Herrington*, No. 4:08-CV-P127-M, 2009 WL 2020669, at *1 (W.D. Ky. July 9, 2009)(citations omitted). Thus, while the Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, it has no authority to create arguments or claims that the plaintiff has not made. *Coleman*, 79 F. App'x at 157.

Moreover, with respect to Pendermon's claim against Officer Power, the only allegation against Officer Power is that Officer Power told Pendermon that "they have these problems with the nurse often." However, this sole allegation – particularly absent any sort of explanation as to the nature of Pendermon's claim against Officer Power – is far from sufficient to state a plausible claim for relief against Officer Power. *Iqbal*, 556 U.S. at 678.

In addition, to the extent that Pendermon seeks to hold Officer Power responsible for Nurse Moore's conduct, not only does

4

he fail to make any allegation suggesting that Officer Power had any sort of supervisory authority over Nurse Moore, even if he had, under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). A plaintiff must "plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676. Thus, for a supervisor to be held liable under § 1983, he or she must have personal involvement in the alleged unconstitutional conduct in order to be held liable for the conduct about which the plaintiff complains. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The mere fact that a defendant acted in a supervisory capacity is not enough: *respondeat superior* (vicarious liability) is not an available theory of liability in a § 1983 action. *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). Having failed to allege that Officer Power was "personally involved in the alleged deprivation of federal rights," Pendermon's claim against Officer Power must be dismissed for failure to state a claim. *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (citing *Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)).

In addition, although Pendermon names the Montgomery County Regional Jail as a defendant in this case, a County Regional Jail or detention center is not a suable entity apart from the county that operates it. *See Marbry v. Corr. Med. Servs.*, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. 2000) (the Shelby County Regional Jail is not subject to suit under § 1983); *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. 1997) ("The district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983").

Even construing Pendermon's claims as being made against Montgomery County, Pendermon does not allege that any actions were taken pursuant to an established policy of Montgomery County. Because a county government is only responsible under § 1983 when its employees cause injury by carrying out the county's formal policies or practices, *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), a plaintiff must specify the county policy or custom which she alleges caused his injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010). Pendermon points to no such policy in his complaint, and these claims are therefore subject to dismissal for failure to state a claim. *Id.*; *Bright v. Gallia County, Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014) ("To establish municipal liability pursuant to § 1983, a plaintiff must allege an

unconstitutional action that 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' or a 'constitutional deprivation [] visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decisionmaking channels.'"); *Brown v. Cuyahoga County, Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013).

Pendermon's remaining claim is against Nurse Moore for failure to provide adequate health care by failing to properly document that Pendermon should not eat spicy food, which he alleges resulted is his consumption of spicy food, causing stomach pain. Again, Pendermon has failed to identify any constitutional rights allegedly violated by Nurse Moore's conduct. Thus, he has failed to allege an essential element required to state a § 1983 claim against Nurse Moore.

Even if Pendermon's reference to his health care could be very broadly construed to implicate his rights under the Eighth Amendment, his claim against Nurse Moore would still fail. "In order to state a cognizable claim [under the Eighth Amendment] a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to the plaintiff's serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Such a claim involves a two-part inquiry with both an objective and a

subjective component: (1) the plaintiff must allege a sufficiently serious medical need, and (2) the plaintiff must allege facts that "show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (quoting *Comstock v. McCrary*, 273 F.3d 693, 607 (6th Cir. 2001)).

However, Pendermon's allegations do not support a claim that Nurse Moore was "deliberately indifferent" to Pendermon's serious medical needs. Even if the Pendermon's stomach condition was sufficiently serious to implicate constitutional concerns, to establish "deliberate indifference" to Pendermon's condition, Pendermon must allege facts sufficient to show that Nurse Moore acted with a knowing and culpable disregard for his well-being, demonstrated by circumstances such as "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104; *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Arnett v. Webster*, 658 F. 3d 742, 751 (7th Cir. 2011) ("Deliberate indifference is more than negligence and approaches intentional wrongdoing.").

What will not suffice are allegations that plaintiff's doctors were merely negligent in their diagnosis of the prisoner's medical condition, or simply failed to provide adequate medical

8

care. *Rhinehart v. Scutt*, 894 F. 3d 721, 736 (6th Cir. 2018). *See also Comstock*, 273 F.3d at 703. Indeed, "the requirement that the official have subjectively perceived a risk of harm and then disregarded it is meant to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment." *Johnson,* 398 F.3d at 875 (quoting *Comstock*, 273 F.3d at 703). Here, Pendermon makes no allegation that Nurse Moore subjectively perceived a risk of harm to Pendermon, then disregarded it. Rather, Pendermon's allegations at most suggest that Nurse Moore may have been negligent in failing to indicate that Pendermon was not to eat spicy food. However, allegations of medical negligence are simply insufficient to state a claim for violation of Pendermon's constitutional rights, particularly where, as here, Pendermon could have just declined to eat the spicy food once he realized that it was too spicy. For all of these reasons, Pendermon has failed to state an Eighth Amendment claim against Nurse Moore upon which relief may be granted.

To the extent that Pendermon's complaint suggests that Nurse Moore acted negligently, such a claim sounds in Kentucky tort law, not federal constitutional law. The Court reaches no conclusion as to any state law medical malpractice, negligence, or other tort claims Pendermon may wish to assert. Instead, the Court will

9

decline to exercise its supplemental jurisdiction over any such claims, as Pendermon fails to allege any independent basis for this Court's jurisdiction over those claims. *See* 28 U.S.C. § 1367(c)(3); *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) ("After a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims.").

Because none of the allegations in Pendermon's complaint state a claim upon which relief may be granted, his complaint will be dismissed on the Court's preliminary screening. 28 U.S.C. § 1915(e)(2).

Accordingly, the Court hereby **ORDERS** as follows:

1. The complaint filed by the plaintiff [R. 1] is **DISMISSED WITHOUT PREJUDICE**;

2. This matter is **DISMISSED** and **STRICKEN** from the Court's docket; and

3. Judgment shall be entered contemporaneously herewith.

This 27th day of September, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge